[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (NO. 112)
I. Factual and Procedural Background:
The plaintiff, Mary J. Morgan, as administratrix of the estate of Eugene Morgan (herein Mr. Morgan or decedent) and individually, alleges that the defendant(s), Tolland County CT Page 1337 Health Care, Inc., d/b/a Woodlake at Tolland (herein Woodlake) and Neil H. Brooks, M.D., negligently or recklessly failed to provide Eugene Morgan with skilled nursing and hospice care as required by their agreement upon admitting Mr. Morgan to Woodlake. The plaintiff alleges that Mr. Morgan suffered and eventually died as a result of the defendants' lack of care.
The plaintiff's complaint alleges seven counts, as follows: First Count, malpractice against Woodlake at Tolland; Second Count, wrongful death against Woodlake; Third Count, patients' rights under state and federal law against Woodlake; Fourth Count, missing; Fifth Count, CUTPA against Woodlake; Sixth Count, malpractice against Dr. Brooks; Seventh Count, wrongful death against Dr. Brooks. The defendant Woodlake at Tolland has filed a Motion to Strike counts one, three, and five, dated November 16, 1995, with a memorandum in support thereof. The plaintiff has filed an objection to the defendant's motion to strike and a supporting memorandum, dated January 10, 1996. The court heard oral argument on January 16, 1996.
II. Discussion:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [I]f the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The defendant stated the ground for striking counts one, three and five as: ". . . such counts fail to state legally sufficient causes of action. Specifically, Connecticut General Statutes § 52-555 is the sole right of action for a claim including death as an element of damages and the plaintiff has failed to allege a cause of action under the Connecticut Unfair Trade Practices Act."
A. Count One: Medical Malpractice against Woodlake
"[A] civil action for wrongful death was not recognized at CT Page 1338 common law, and . . . no such cause of action may be maintained except under the terms and authority of a statute." Ecker v. WestHartford, 205 Conn. 219, 227, 530 A.2d 1056 (1987), quoting61 A.L.R.3d 906, 909; Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,295, 627 A.2d 1288 (1953). As a result, the Connecticut Legislature enacted § 52-555, the Wrongful Death Statute, permitting an executor or administrator to bring an action for injuries resulting in the decedent's death.
§ 52-555 states in pertinent part:
 ACTIONS FOR INJURIES RESULTING IN DEATH. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses.
Since § 52-555 creates liability where none formerly existed, the statute must be strictly construed. Ecker v. WestHartford, supra 205 Conn. 233. "Under our wrongful death statute . . . damages are recoverable for the death . . . as for one of the consequences of the wrong inflicted upon the decedent." (Internal Citations and quotations omitted.) Sandersonv. Steve Snyder Enterprises, Inc., 196 Conn. 134, 149,491 A.2d 389 (1985). "The cause of action . . . [authorized by statute] is a continuance of that which the decedent could have asserted had [she] lived and to which death may be added as an element of damage." (Internal Citations and quotations omitted.) Id. "The wrongful death statute, General Statutes § 52-555, is the sole basis upon which an action that includes as an element of damages a person's death or its consequences can be brought. At common law, the death of the injured person, whether contemporaneous with the wrongful act or not, terminated liability of the wrongdoer because the right to enforce it ended with the death." Lynn v. Haybuster Mfg., Inc., supra 226 Conn. 295.
Therefore, this court finds that § 52-555 is the exclusive remedy for plaintiff's medical malpractice cause of action, said alleged medical malpractice resulting in the decedent's death. The damages plaintiff is seeking to recover are only recoverable under § 52-555. The scope of the damages recoverable under § 52-555 have been statutorily defined: CT Page 1339
In actions for injuries resulting in death,
 a plaintiff is entitled to "just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses." General Statutes 52-555. "Just damages" include (1) the value of the decedent's lost earning capacity less deductions for her necessary living expenses and taking into consideration that a present cash payment will be made, (2) compensation for the destruction of her capacity to carry on and enjoy life's activities in a way she would have done had she lived, and (3) compensation for conscious pain and suffering.
Sanderson v. Steve Snyder Enterprises, Inc., supra 196 Conn. 149, n. 12. Damages suffered before the decedent's death are one of the elements of "just damages" and must be sought in that action rather than a separate suit under the survival of actions statute. General Statutes § 52-599; Ladd v. Douglas TruckingCo., 203 Conn. 187, 190-91, 523 A.2d 1301 (1987).
Thus, having concluded that § 52-555 is the exclusive remedy for the decedent's wrongful death the defendant's Motion to Strike count one, medical malpractice against defendant Woodlake, is granted.
B. Count Three: Patients' rights under § 19a-550,42 U.S.C. § 1396r(b)(2), (4) and 42 C.F.R. § 483.25against Woodlake
1. § 19a-550
The plaintiff has alleged in count three of its complaint a private cause of action under § 19a-550, the Patients' Bill of Rights, for the alleged violation of the decedent's statutory rights as a patient in a nursing home "to be free from mental and physical abuse, and to be treated with consideration, respect and full recognition of his dignity and individuality." The plaintiff alleges that defendant's neglect of the decedent[1] contributed to the decedent's increased suffering and eventual death.
§ 19a-550(c) provides in relevant part:
 "Any facility that negligently deprives a patient of any right or benefit created or established for the well-being CT Page 1340 of the patient by the provisions of this section shall be liable to such patient in a private cause of action for injuries suffered as a result of such deprivation." (Emphasis added).
Taking the plaintiff's complaint in the light most favorable, the plaintiff has adequately stated a statutory cause of action under § 19a-550. However, this cause of action must be stricken on the same grounds as the medical malpractice counts: the wrongful death count is plaintiff's exclusive remedy. Accordingly, defendant's Motion to Strike that portion of count three, patients' rights under § 19a-550 against Woodlake, is granted.
2. 42 U.S.C. § 1396r(b)(2), (4) and 42 C.F.R. § 483.25
 42 U.S.C. § 1396r(b)(2), (4) and 42 C.F.R. § 483.25
set forth the federal standards for nursing home care. Plaintiff has pled these federal standards in an attempt to set forth the standards applicable to the defendant's nursing facility.
There does not appear to be any Connecticut appellate or trial level authority addressing the aforementioned federal statute and code. The defendant has submitted Nichols v. St. LukeCenter of Hyde Park, 800 F. Sup. 1564 (S.D. Ohio 1992) for the proposition that no private right of action exists under42 U.S.C. § 1396r(b)(2). In Nichols, the court stated:
 "As a general rule, a federal statute does not give rise to a private cause of action unless the statute itself or its legislative history indicates that Congress intended to create such a remedy. . . . Nothing in 42 U.S.C. § 1396r indicates that Congress intended the legislation to grant individuals a private right of action enforceable against their private nursing homes. Indeed, none of the reported cases construing this provision have held it to permit individuals to maintain actions against private nursing facilities."
Nichols, supra at 1567.
The court adopts Nichols, and finds no private right of action exists under 42 U.S.C. § 1396r(b)(2), (4) and 42 U.S.C. § 483.25. Additionally, the plaintiff's response in its memorandum in opposition to the Motion to Strike concedes that no private right of action is created under 42 U.S.C. § 1396r(b)(2) and (4) CT Page 1341 and 42 C.F.R. § 483.25. Plaintiff stated, "violations of the standards set forth in these federal laws are a proper basis for a claim under the Connecticut Unfair Trade Practices Act, evenif the federal statutes does not itself provide for anindependent Private cause of action." (Emphasis added, Plaintiff's Memorandum in Opposition to the Motion to Strike, p. 5.)
In light of the foregoing, the defendant's Motion to Strike that portion of count three, patients' rights under42 U.S.C. § 1396r(b)(2), (4) and 42 U.S.C. § 483.25 against Woodlake, is granted.
C. Count Five: CUTPA against Woodlake
This court adopts the decision of Judge Stengel in Zettergrenv. New Britain General Hosp., Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 465253 (June 30, 1995, Stengel, J.). In his decision, Judge Stengel granted the defendant's motion to strike the plaintiff's CUTPA count stating:
 Courts consider three factors in making the determination of whether the conduct falls with the scope of CUTPA: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen." Dadonna v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988).
 As the defendant correctly argues, the plaintiff failed to allege that the hospital engaged in unfair methods of competition, or unfair or deceptive acts or practices related to a consumer transaction, or that the conduct was immoral, unethical or unscrupulous. Additionally, the allegations speak of a private, rather than a public, injury. Also, the allegations do not allege that this conduct is part of the general business practice of the defendant. The plaintiff has not alleged sufficient facts to state a CUTPA claim, and therefore, the defendant's motion to strike count five is CT Page 1342 granted.
Zettergren v. New Britain General Hosp., supra.
The plaintiff has alleged that the unfair or deceptive practices resulted from the defendants' failure to provide adequate care to the decedent while he was a resident at Woodlake. The plaintiff in the instant case, as well as inZettergren, supra, however, failed to allege "that the hospital engaged in unfair methods of competition, or unfair or deceptive acts or practices related to a consumer transaction." Also, the allegations do not allege that this conduct of the general business practice of the defendant. Additionally, the plaintiff has failed to plead more than a single act of unfair or deceptive business practices. All of plaintiff's allegations of lack of care are contemporaneous with the decedent's only stay at Woodlake. There are no allegations that the defendant's conduct constituted a pattern of unfair or deceptive business practices. Thus, the actions complained of consist of merely a single act, within which are multiple acts of alleged negligence and/or recklessness, and therefore, the plaintiff has failed to adequately plead its CUTPA count.
The plaintiff has argued that the reference to42 U.S.C. § 1396r(b)(2), (4) and 42 C.F.R. § 483.25 are an attempt to support the CUTPA cause of action by demonstrating the violation of statutes. See Mead v. Burns, 199 Conn. 651,662, 509 A.2d 11 (1986) (violations of CUIPA can constitute a CUTPA violation). Plaintiff relies on Yale New Haven Hospital,Inc. v. Mitchell, Superior Court, Judicial District New Haven at New Haven, Docket No. 363234 (June 21, 1995, Hadden, J.). for the proposition that although the statute that was violated may not provide for a private right of action, it may provide for a CUTPA violation. In this court's opinion, these grounds are not relevant to the disposition of the CUTPA count. In this memorandum of decision, by adopting Zettergren, the court has concluded that the plaintiff's CUTPA count was deficient, not that the plaintiff could not allege it.
There is a lack of appellate authority on whether a single act of conduct can constitute a CUTPA violation, and there is a split among the trial courts on this issue. This court has consistently held that a single act does not constitute a CUTPA violation. Accordingly, the plaintiff's failure to plead more then a single act of misconduct is insufficient to allege a CUTPA CT Page 1343 violation and the defendant's Motion to Strike the plaintiff's CUTPA count, count five, is granted.
III. Conclusion:
The defendant's Motion to Strike counts one, three and five is granted.
Handy, J.